| | |
|---|---|
| | Judge Marc L. Barreca |
| | Chapter 7 |
| | Hearing Location: Marysville, WA |
| | Hearing Date: March 8, 2017 |
| | Hearing Time: 10:00 a.m. |
| | Response Date: March 1, 2017 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Case No. 12-11140 MLB |
| | ) | Chapter 7 |
| KENT DOUGLAS POWELL and | ) | |
| HEIDI POWELL, | ) | **SUMMARY AND ADDITIONAL** |
| | ) | **ARGUMENT BY TRUSTEE** |
| Debtors. | ) | **SUPPORTING A SALE OF DOMAIN** |
| | ) | **NAME TO THE ARIZONA HEIDI** |
| | ) | **POWELL AND SUPPORTING** |
| | ) | **TRUSTEE'S OBJECTION TO CLAIM OF** |
| | ) | **EXEMPTION FOR DOMAIN NAME** |
| | ) | |

The domain name https://www.heidipowell.com was in existence, being used by Debtors, when they filed their chapter 7 bankruptcy documents. Debtors admit this. Response to Trustee's Motion to Sell Domain Name [Docket #28]

The domain name was an asset of the bankruptcy estate. See Memorandum that Domain Names are Assets of Bankruptcy Estates [Docket #39]

Debtors had an obligation to list all their assets, including the domain name. 11 U.S.C. §521(a)(1). However, Debtors did not list the domain name in their original bankruptcy schedules and other documents. Chapter 7 Voluntary Petition [Docket #1]; Response to Trustee's Motion to Sell Domain Name [Docket #28]

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 1**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Case 12-11140-MLB    Doc 40    Filed 02/22/17    Ent. 02/22/17 19:38:19    Pg. 1 of 6

Debtors argue that they did not need to list the domain name because "[a]t the time of the bankruptcy filing in February 2012, the heidipowell.com domain name had no market value." Response to Trustee's Motion to Sell Domain Name [Docket #28] They make this assertion despite the instructions on form Schedule B to "list all personal property of the debtor of whatever kind," and despite controlling case law. E.g., **In re Mascolo**, 505 F. 2d 274 (1st Cir. 1974) (failure to disclose two bank accounts with balances of $150 and $350 resulted in a revocation of a discharge order); **In re Zidoff**, 309 F. 2d 417 (7th Cir. 1962) (failure to disclose household goods and furnishings with total value of not more than $400.00 lead to denial of discharge).

Trustee remained unaware of the domain name when he filed a no-asset report on March 31, 2012.

Ten days later Debtors filed an amended schedule B to list and exempt their 2011 federal income tax refund, but once again they did not list the domain name. Amendments to Schedules B and C to Exempt the 2011 Income Tax return [*sic*] [Docket #11]

The case was closed on June 1, 2012.

The domain name remained an asset of the bankruptcy estate, despite the closing of the case, because it had never been scheduled. 11 U.S.C. §554(d); **Pace v. Battley** (**In re Pace**), 146 B.R. 562, 564-66 (9th Cir. BAP 1992), aff'd, 17 F.3d 395, 1994 WL 55523 (9th Cir.1994) (table) (unscheduled property remains in estate after case is closed). Trustee was unable to administer this unscheduled, unknown asset.

After the closing of the bankruptcy case, Debtors became involved in litigation in Arizona with "the Arizona Heidi Powell" regarding the domain name. **Powell v. Powell**, No. 2:16-cv-02386-SRB (D. Ariz. Filed July 18, 2016). Response to Trustee's Motion to Sell Domain Name [Docket #28]

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 2**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Case 12-11140-MLB    Doc 40    Filed 02/22/17    Ent. 02/22/17 19:38:19    Pg. 2 of 6

Thus, assuming arguendo that the domain name had no value at the time of the bankruptcy filing, the Debtors were made aware in 2016 that it had significant value then. Nevertheless, Debtors failed to file amended documents with the bankruptcy court to schedule the domain name.

Trustee first learned of the domain name when he was contacted by an attorney of the law firm representing the Arizona Heidi Powell, indicating that her client wanted to purchase the domain name for $10,000.00. Subsequently, the case was reopened, at Trustee's request. Order Reopened Case [Docket #20]

Trustee filed a motion for court approval to sell the domain name to the Arizona Heidi Powell for $10,000. Motion for Order Approving Sale of Domain Name [Docket #25]

It was only after Trustee had filed that motion and almost two months after the case was reopened that Debtors filed an amended schedule B, disclosing for the first time the domain name. Amendments to Schedules B, C & G [Docket #30] An amended schedule C at the same time asserted a wild card exemption of $7,953.00 for the domain name.

There is no indication on the docket that Debtors sent copies of the amended schedules B and C to any creditor, contrary to the requirement of Bankruptcy Rule 1009(a) that "debtor[s] shall given notice of the amendments to the trustee and to any entity affected thereby." Insofar as claimed exemptions, if valid, reduce any possible recovery to creditors, creditors are entities that are affected by the filing of amended schedules B and C, and thus, under the rule, should have been made aware by Debtors of the filed amendments. The failure on the part of Debtors to do so, just by itself, renders the asserted exemption for the domain name ineffective.

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 3**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Trustee filed an objection to the asserted domain name exemption. Trustee's Objection to Claimed Exemptions for Domain Name and Notice of Hearing on Objection [Docket #32]

A court may deny a debtor leave to amend his schedules and the court may disallow a claim of exemption on a showing of bad faith by the debtor or prejudice to creditors. *Martinson v. Michael (In re Michael)*, 163 F. 3d 526, 529 (9th Cir. 1998); *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 630 (B.A.P. 9th Cir. 2010); *In re Varney*, 449 B.R. 411, 418 (Bankr. D. Idaho 2011). Trustee believes that the circumstances of this case warrant a disallowance of Debtors' exemption claim.

Additionally, Trustee has been told by fellow trustee Michael P. Klein that "Judge Alston ruled in a case recently that the debtor was bound by the value at the time of filing and estate is entitled to any increase, even if there was no equity at the time of filing. So, the debtor cannot amend the exemptions to capture any of the increase."

Debtors assert that the federal Anti-cybersquatting Consumer Protection Act and/or ICANN's Uniform Dispute Resolution Policy somehow hinders or prevents this trustee from selling the domain name. Response to Trustee's Motion to Sell Domain Name [Docket #28] Trustee does not see how that is so when he is simply doing his job as trustee to administer assets and to obtain funds for the creditors. Said Act and/or Policy haven't appeared to be an obstacle to other bankruptcy trustees selling domain names in the cases mentioned in the Memorandum that Domain Names are Assets of Bankruptcy Estates [Docket #39].

Debtors also indicate that "[a]ll value in the heidipowell.com domain [name] was created for services performed by the Debtors and the Debtors' agents after the conclusion of the bankruptcy." Response to Trustee's Motion to Sell Domain Name [Docket #28] First of all,

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 4**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Case 12-11140-MLB    Doc 40    Filed 02/22/17    Ent. 02/22/17 19:38:19    Pg. 4 of 6

Debtor have provided no admissible evidence to that effect. Secondly, Debtors could have easily prevented such a scenario by scheduling the domain name when they filed their bankruptcy, at a time when they assert the domain name had a lesser or no value. Third, even if the value of an asset has increased while the bankruptcy case is open, a trustee is able to pursue any post-petition increase in the value of an asset. **In re Gephardt**, 621 F.3d 1206, 1209 (9th Cir. 2010) (rejecting the debtors' argument that "the value of the homestead for the purposes of the bankruptcy case had been locked in at the time of the bankruptcy filing").

Debtors also state that they will be "severely harmed" by the sale of the domain name. Response to Trustee's Motion to Sell Domain Name [Docket #28] That is not a defense. The sale of the domain name in this case is no different from a trustee selling a house or a vehicle or any other asset that has significant non-exempt equity. Before a bankruptcy filing a potential debtor should weigh the benefits of a discharge order against the loss of an asset or assets. If a debtor knows, or should know, that he or she will lose an asset as part of a bankruptcy, yet goes ahead with the filing of the bankruptcy, he or she has no legitimate complaint.

Finally, this Court at the first hearing on Trustee's motion and objection mentioned a case that suggested that domain names might be executory contracts such that trustees have a limited time in which to accept them. If so, such contract rights are yet another indication that domain names are assets of bankruptcy estates.

More importantly, even if domain names are thought of as executory contracts, under the circumstances of this case, Debtors are estopped from asserting that Trustee failed to deal with the executory contract. Trustee cannot be faulted for not dealing with an asset that he didn't know about.

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 5**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

DATED: February 22, 2017

/s/ Dennis Lee Burman

_____
DENNIS LEE BURMAN, WSBA #7875
Trustee in Bankruptcy

**SUMMARY AND ADDITIONAL ARGUMENT BY TRUSTEE SUPPORTING A SALE OF DOMAIN NAME TO THE ARIZONA HEIDI POWERLL AND SUPPORTING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION FOR DOMAIN NAME - 6**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522