UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **In re:** | ) |
| | ) **CHAPTER 7** |
| | ) |
| **KENT DOUGLAS POWELL and** | ) **BANKRUPTCY NO. 12-11140** |
| **HEIDI POWELL,** | ) |
| | ) **DEBTORS' SUPPLEMENTAL** |
| | ) **BRIEF** |
| Debtors. | ) |
| | ) |

**COME NOW** Debtors after hearing on March 22, 2017 and provide supplemental briefing for the Court's consideration as follows.

As explained in our earlier briefing [Doc. 43], the Debtors were correct in their assumption that a domain name not associated with any other intellectual property rights is not property. This rule has been applied by courts in Virginia, New York, and Washington, DC. *See, e.g., In re Alexandria Surveys Int'l, LLC*, 500 B.R. 817, 822 (E.D. Va. 2013), aff'd sub nom. *Alexandria Consulting Grp., LLC v. Alexandria Surveys Int'l LLC*, 589 F. App'x 126 (4th Cir. 2014); *Wornow v. Register.Com, Inc.*, 8 A.D.3d 59, 59 (N.Y. Sup. 2004); *Stern v. Islamic Republic of Iran*, 73 F. Supp. 3d 46, 50 (D.D.C. 2014), aff'd on other grounds sub nom. *Weinstein v. Islamic Republic of Iran*, 831 F.3d 470 (D.C. Cir. 2016).

**DEBTORS' SUPPLEMENTAL BRIEF-**1-

**Law Offices of**
**LESTER & HYLDAHL, PLLC**
119 N. Commercial St., Ste. 175A
Bellingham, WA 98225
(360) 733-5774

The trustee has not identified a single case addressing the distinction between a domain name associated with a trademark, for which there is at least competing authority, and a domain name reflecting the registrant's personal name, for which there is none. The latter is more akin to a telephone number, which the Ninth Circuit has held "did not itself constitute property" to be administered as part of the estate. *See In re Best Re-Manufacturing Co.*, 453 F.2d 848 (9th Cir. 1971).

The holding in *In re Paige* should not be applied to the case at bar. First, *In re Paige* applied Utah law and neither of the parties argue Utah law governs the case at bar. *In re Paige*, 413 B.R. 882, 917 (D. Utah 2009). Second, *In re Paige* merely assumed that the domain name was property without any substantive analysis. The court's analysis was limited to whether an individual or a business had rights to the domain name. *Id.* at 907-11. The court did not specifically analyze whether a domain name could be property of an estate or whether it is merely a contractual right. *In re Paige* is not on point and it applies the law of Utah, a state that has no relation to the case at bar, so the court should look to *In re Alexandria* instead in determining whether the Trustee can sell the domain name given that the domain name is a .com domain name governed by Debtors' service contracts with GoDaddy, GoDaddy's contract with VeriSign, and VeriSign's contracts with ICANN and the U.S. Dept. of Commerce.

The trustee, having elected not to assume the burden of Debtors' 2012 domain name registration agreement, cannot now seek to benefit from the value that the Debtors have developed due to their payments to GoDaddy under subsequent service contracts over the past five years. In the only case specifically addressing this point, the U.S. District Court for the Eastern District of Virginia held that a trustee cannot administer or sell a domain name if the

**DEBTORS' SUPPLEMENTAL BRIEF-**2-

**Law Offices of**
**LESTER & HYLDAHL, PLLC**
119 N. Commercial St., Ste. 175A
Bellingham, WA 98225
(360) 733-5774

Case 12-11140-MLB    Doc 47    Filed 03/29/17    Ent. 03/29/17 16:01:19    Pg. 2 of 3

domain name is an executory contract that the trustee has not assumed. *See In re Alexandria Surveys Intern. LLC,* 500 B.R. 817 (E.D. Va. 2013). In that case, the court found that even if the estate had a possessory interest in the domain name, the "interest was abandoned when the trustee failed to assume the service contracts" so the trustee could not sell the domain name as part of the estate. 500 B.R. 817, 822-23 (E.D. Va. 2013). Because the trustee did not assume those contracts with the service provider, Cox, within the statutory deadline, the executory contracts were rejected before the estate was reopened and could not be sold. *Id*.

The same analysis that the Eastern District of Virginia applied in *Alexandria Surveys* applies in the case *sub judice*. As in *Alexandria Surveys*, here the Debtors identified "Internet/Cable" expenses on Schedule J in the original bankruptcy filing. These expenses included the contract with GoDaddy for the HeidiPowell.com domain name. The Trustee did not assume the executory contract with GoDaddy before the plan was confirmed, and did not renew the contract and pay GoDaddy for the contract over the last five years, so the Trustee cannot now administer or sell the domain name. *In re Fieldstone Mortg. Co.*, 427 B.R. 364, 374 (Bankr. D. Md. 2010) (discussing the nature of executory contracts and the rule that non-assumption of such a contract results in exclusion of the contract from the estate).

**RESPECTFULLY SUBMITTED** this 29th day of March, 2017.

/s/ Tom Lester
**Tom Lester, WSBA #15814**
Attorney for Debtors

**DEBTORS' SUPPLEMENTAL BRIEF-**3-

**Law Offices of**
**LESTER & HYLDAHL, PLLC**
119 N. Commercial St., Ste. 175A
Bellingham, WA 98225
(360) 733-5774

Case 12-11140-MLB    Doc 47    Filed 03/29/17    Ent. 03/29/17 16:01:19    Pg. 3 of 3