Judge Marc L. Barreca
Chapter 7
Hearing Location: Marysville, WA
Hearing Date: July 12, 2017
Hearing Time: 10:00 a.m.
Response Date: July 5, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENT DOUGLAS POWELL and<br>HEIDI POWELL,<br><br>      Debtors. | Case No. 12-11140 MLB<br>Chapter 7<br><br>**TRUSTEE'S REPLY TO DEBTORS'**<br>**SUPPLEMENTAL RESPONSE** |

In an effort to prevent Trustee from selling the domain name https://www.heidipowell.com and the related contract rights, Debtors have recently asserted that 11 U.S.C. §365(c)(1)(A) bars the sale.

First of all, Debtors don't even quote the statutory text:

> (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if ---
> (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
> (B) such party does not consent to such assumption or assignment.

Secondly, since Debtors are trying to use Section 365(c)(1) as a defense, it is their burden to prove its applicability, but Debtors do no such thing, only mentioning the statutory provision "for the Court's consideration," and nothing more.

**TRUSTEE'S REPLY TO DEBTORS'**
**SUPPLEMENTAL RESPONSE - 1**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Case 12-11140-MLB    Doc 68    Filed 07/03/17    Ent. 07/03/17 20:18:37    Pg. 1 of 2

Third, Trustee reads the section, even if applicable, as dealing with the consent of "a party, other than the debtor." Thus, the Response Declaration of Heidi Powell, dated June 7, 2017, which, in large part, is a declaration of no consent by her, is irrelevant. Instead it is her burden, which she has not met, to show that GoDaddy.com, LLC, will not consent.

Fourth, Section 365(c)(1), is material only when "**applicable law** excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession." (emphasis added) Again, Debtors have not met their burden because they cite to no statute whatsoever.

Moreover, Trustee has already noted in his Trustee's Reply to Debtors' Objection to Sale of Domain Name and Related Contract Rights that there are statutes that allow an assignment/transfer, e.g., "the Lanham Act specifically has provisions that allow a party to obtain a domain name involuntarily where the domain name infringes its trademark – called the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. 1114(2)(D), et seq."

For any and all of these reasons, 11 U.S.C. §365(c)(1)(A) is not a basis for denying the sale of the domain name and the associated contract rights.

DATED: July 3, 2017

/s/ Dennis Lee Burman

_____
DENNIS LEE BURMAN, WSBA #7875
Trustee in bankruptcy

**TRUSTEE'S REPLY TO DEBTORS'**
**SUPPLEMENTAL RESPONSE - 2**

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax (360) 657-3522

Case 12-11140-MLB    Doc 68    Filed 07/03/17    Ent. 07/03/17 20:18:37    Pg. 2 of 2