The Honorable Marc Barreca
Chapter 7
Hearing Date: Aug 22, 2017
Hearing Time: 2:00 pm
Location: Courtroom 7106
Response: Friday, Aug 18, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENT DOUGLAS POWELL and HEIDI POWELL,<br><br>Debtor(s). | No. 12-11140-MLB<br><br>Chapter 7<br><br>DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL |

Kent Douglas Powell and Heidi Powell ("Debtors") by and through their attorney Jacob DeGraaff of Henry, DeGraaff & McCormick, P.S. hereby move this Court pursuant to Federal Rule of Bankruptcy Procedure 8007(a) to impose a Stay of its Order Authorizing Sale of domain Name and the Related Contract Rights issued on August 8, 2017, as follows:

**BACKGROUND**

Debtors have selected new counsel in this matter to pursue an appeal of the August 8, 2017 Order. Counsel has reviewed the record of the proceedings, including all relevant motions, responses, replies, and declarations, as well as the audio of the four hearings on this matter, and believes the record demonstrates significant issues for appeal.

As set forth in the Declaration of Heidi Powell (Docket Number 33-1), the Debtor has maintained the internet domain of heidipowell.com since prior to the filing of the Debtors'

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 1

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 1 of 9

Chapter 7 case. Since 2005[1], the Debtor Heidi Powell has primarily used this domain for her email address, heidi@heidipowell.com. Although the website address of www.heidipowell.com is currently used by the Debtor Heidi Powell to blog about her experiences in her ongoing dispute over that same domain name (starting with the cybersquatting lawsuit that was previously pending in the United States District Court of the District of Arizona), prior to the current dispute over the domain the web address served as a convenient shortcut to reach Heidi Powell's Facebook page.

The Declarations of Heidi Powell, as well as the declarations of others filed in this case (including the Trustee's Reply to Debtors' Objection to Sale of Domain Name and Related Contract Rights, Docket number 67, and Declaration of Matthew Smith, Docket number 74), show that the primary damages that will be suffered by the Debtor Heidi Powell stem from the domain's use as her primary email address. The undisputed facts show that this includes the very real risk that the Debtor Heidi Powell's private email messages will be intercepted by the party known to the court as "Arizona Heidi", revealing not only the Debtor's private information, but any information disclosed to Heidi Powell by third parties including friends, family, and business contacts. The undisputed facts also show that this includes the risk of identity theft, as the Debtor Heidi Powell has used her heidi@heidipowell.com to create online logins for an untold number of different accounts, many of which can be unlocked by using the "reset password" feature that automatically verifies an account and generates a new password by sending an email to the heidi@heidipowell.com email address. The Court's August 8, 2017 Order gives this information to "Arizona Heidi," a party who has been hostile to the Debtors

---

[1] Plaintiff registered heidipowell.com on November 26. 2005. "HeidiPowell.com WHOIS, DNS, & Domain Info – Domain Tools", http://whois.domaintools.com/heidipowell.com, accessed August 15, 2017.

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 2

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 2 of 9

through litigation, with no real protection against misuse of information obtained as a result of the sale of the Domain[2].

## ISSUES

The four-part test that a movant must show to be granted a Stay of Order Pending Appeal were laid out by the US Supreme Court in *Nken v. Holder,* 556 U.S. 418, 434 (2009): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (internal quotations omitted) Debtors believe all four factors have been demonstrated on the record before the court in this matter.

### 1) THE DEBTORS HAVE A STRONG CHANCE OF SUCCESS AT APPEAL ON THE MERITS

The Court's ultimate holding that the Trustee could sell the domain name and associated contract rights, given in the May 4, 2017 oral ruling (transcript pending), rested on the assumption that the domain name and the GoDaddy contract were inextricably linked. At the outset, the Court acknowledged that the case law on the sale of domain names, and whether they are assets in a bankruptcy, was conflicting (November 23, 2016 hearing). The Court encouraged a settlement by the parties at the November 23 hearing because the case law on whether the domain name was an asset, and whether the contract was an asset of the estate, was unclear. The Trustee already acknowledged that it was unclear whether the domain name was property of the estate as justification for the Trustee's motion to approve a settlement with Debtor (a settlement

---

[2] Notably, on information and belief, Arizona Heidi has only had the name "Heidi Powell" since her 2010 marriage to Chris Powell, five years after Plaintiff registered heidipowell.com. "Heidi Powell – Biography – IMDb," http://www.imdb.com/name/nm5348378/bio, accessed August 15, 2017.

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 3

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 3 of 9

which the Trustee ultimately backed out of). *See* May 4, 2017 Oral Ruling. However, the Court ultimately held that it did not need to decide whether the domain name itself was property of the estate, because it was "inextricably intertwined" in the contract rights with GoDaddy.

This apparent assumption that the domain name and contract were "inextricably intertwined" was incorrect. As evidenced by the attached Declaration of Jacob DeGraaff, GoDaddy's own website details a very simple process for transferring a domain name from GoDaddy to another registrar (see Exhibit 1.). There is no reason that Debtor Heidi Powell could not have changed her registration from GoDaddy to another registrar instead of renewing the GoDaddy contract at any point. There is also nothing that would prevent the trustee from selling only the domain name, subject to transfer to another registrar. The Trustee would need to initiate the transfer with GoDaddy, but there is no reason that Arizona Heidi would need to take the contact rights along with the domain name. The Arizona Heidi may be using the purchase of the contract rights from GoDaddy in this instance to accomplish a goal she could not her in Arizona cyber-squatting lawsuit, but it is clear from the Trustee's original motion to sell the domain name that it is only the domain name she is after. As explained at https://en.wikipedia.org/wiki/Domain_Name_System#Domain_name_registration (last accessed August 15, 2017), a Domain registrar is little more than a phone company where the Debtor registers their domain name.

At the March 22, 2017 hearing, the Court was initially intrigued by the "phone number" analogy argued by the Debtors, and the Debtors cited a 9th Circuit case that held that phone numbers are not property (*In re Best Re-Manufacturing Co.*, 453 F.2d 848 (9th Cir. 1971)). It is undisputed that the Debtor Heidi Powell did not seek trademark protection of her name, nor would she have, as it is just her personal name. The domain name heidipowell.com is, to her,

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 4

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 4 of 9

similar to a convenient phone number – it routes her family and friends' communications to her. It is also an inextricable part of her identity to which she is entitled by virtue of being a human being and an American Citizen.

Because the domain name at issue was not a trademark in the debtors' bankruptcy, just her personal name, the Court was incorrect in failing to consider whether the domain name itself was property of the estate. The Court acknowledged at the May 4, 2017 hearing that the case law on this issue was not clear. On this issue alone, the Debtor has a real chance of prevailing on appeal. The Court acknowledged at hearings in November 2016, March 2017, and May 2017 that these are unique issues with no clear precedent in the caselaw.

## 2) DEBTOR HEIDI POWELL WILL BE IRREPARABLY HARMED ABSENT A STAY OF THE COURT'S ORDER

The Trustee's Reply to Debtors' Objection to Sale of Domain Name and Related Contract Rights (docket number 67, pages 3-4) acknowledges two major privacy concerns with the transfer of this domain name (and therefore transfer of the email address heidi@heidipowell.com). First, transfer of the domain, and re-activation of the email account, will cause any replies to prior conversations of the Debtor Heidi Powell to be directed to the old email address, therefore sending the entire conversation string to the Arizona Heidi Powell. This may include emails with her attorneys, as the Debtor Heidi Powell has used this email address to communicate with her attorneys on this case (see Declaration of Jacob DeGraaff). Debtors' Counsel has demanded the immediate cessation of all use of this account, but those communications are not in the Debtor's control. There is no tool by which the Debtor Heidi can stop future replies to these email chains. It is certain that prior contacts, even with notice of the address change, will not be perfect, and the chance that nobody will send an email in error to the

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 5

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 5 of 9

old heidi@heidipowell.com email address is infinitesimally small. People use their emails to send pictures, videos, and other private matters. If Arizona Heidi Powell misused any of this information, it isn't clear that this Court even has jurisdiction to find her in contempt, even if an Order could be crafted to attempt to provide protection from such harm.

The second real privacy concern admitted by the trustee (but summarily dismissed out of hand) is the fact that the Arizona Heidi Powell will be given the power to "unlock" social media, bank accounts, etc. that use this email address as a password reset. Although the Debtor likely wouldn't forget to change the settings on any bank accounts, the sheer number of online sites requiring an email to login means that the task of identifying all such accounts for the Debtor is nearly impossible. See the Declaration of Heidi Powell, docket number 58. As the Debtor points out at page 2 of her declaration, it is a violation of GoDaddy's terms of service to use their service in a way that "violates the privacy or publicity rights of another User or any other person or entity." By transferring this domain, the Trustee is violating the Debtor's right to privacy. Is the Debtor's right to privacy an asset that can be sold in a bankruptcy? That idea seems repugnant to the American sense of Law and Justice.

**3) ISSUANCE OF THE STAY WILL NOT SUBSTANTIALL INJURE OTHER PARTIES INTERESTED IN THIS PROCEEDING**

The Trustee stated on the record in the March 22, 2017 hearing that Arizona Heidi Powell was willing to wait as long as "possible" to consummate this transfer. What the Trustee presumably met is that Arizona Heidi would wait as long as necessary. There is no indication that the purchaser will back out if this matter is stayed – rather, it just preserves the status quo. Given how long and to what lengths in court Arizona Heidi has been willing to go, there is no indication that Arizona Heidi Powell would back out of this transaction. As further assurance the

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 6

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 6 of 9

Proposed Order included with the motion requires the Debtor take all steps necessary to forward the www.heidipowell.com web address to Arizona Heidi Powell's website of choosing during the pendency of this appeal. This gives Arizona Heidi Powell the benefit of the web address while allowing the Debtors to maintain their privacy and avoid harm associated with the transfer of the email domain.

### 4) THE PUBLIC INTEREST LIES IN PROTECTING DEBTORS' ONLINE IDENTITIES, PRIVACY, AND THE PRIVACY OF THOSE THEY COMMUNICATE WITH

As John Colasione (Docket number 59), Christy Dahms (Docket number 60), Tracy Monteforte (Docket number 61), Nikki Hubbart (Docket number 62), Chrystal Sunshine (Docket number 63), Jim Hein (Docket number 64) and Teri Hill (Docket number 65) each made clear in their respective declarations, they each have a legitimate concern that Arizona Heidi Powell will gain access to their private email conversations exchanged with the Debtor Heidi Powell. As made clear in the Trustee's Reply at docket number 67, all of these people's conversations are at risk of being sent to the Arizona Heidi Powell with one errant use of the "reply" key, or worse, use of "reply all" by a third party. All Washington citizens have the right to privacy under the Washington State Constitution, Article 1, Section 7, which reads "**INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED.** No person shall be disturbed in his private affairs, or his home invaded, without authority of law." This is worded even more strongly than the United States Constitution's Fourth Amendment, and the State of Washington has an interest in protecting the privacy of its' citizens.

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 7

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 7 of 9

In addition, case law seems to suggest that, by seizing the domain name and capitalizing on the Debtor Heidi Powell's name, the Trustee has committed the common law tort of theft of publicity.

> In *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 198 Cal. Rptr. 342 (1983), the California court of appeal stated that the common law right of publicity cause of action "may be pleaded by alleging (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id.* at 417, 198 Cal.Rptr. 342 (citing Prosser, Law of Torts (4th ed. 1971) § 117, pp. 804-807). *White v. Samsung Electronics America, Inc.*, 971 F. 2d 1395 - Court of Appeals, 9th Circuit 1992.

The trustee is using the plaintiff's name here for a commercial advantage, against the Debtor's interest, and the debtor is harmed through a loss of privacy and any cost to re-establish her identity.

**CONCLUSION**

The Debtor, Heidi Powell, has not acted in bad faith in assuming her own identity, and her email address, were not property of the estate. The issues this case presents are unique and complex and there is too much at stake for the Debtors to not seek to protect their privacy and identity. For the foregoing reasons the Debtors respectfully ask that the Court grant their proposed Order Staying the August 8, 2017 Order pending appeal of Same.

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 8

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 8 of 9

DATED this Tuesday, August 15, 2017.

Henry, DeGraaff & McCormick, P.S.

By: */s/Jacob D. DeGraaff*
Jacob D. DeGraaff
Attorney for Debtors, WSBA 36713

DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 9

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 80    Filed 08/15/17    Ent. 08/15/17 22:17:02    Pg. 9 of 9