The Honorable Marc Barreca
Chapter 7
Hearing: August 22, 2017
Time: 2:00 pm
Location: Courtroom 7106
Response Due: August 18, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENT DOUGLAS POWELL and HEIDI POWELL,<br><br>Debtor(s). | No. 12-11140-MLB<br><br>Chapter 7<br><br>DEBTORS' REPLY IN SUPPORT OF MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL |

Kent Douglas Powell and Heidi Powell ("Debtors") by and through their attorney Jacob DeGraaff of Henry, DeGraaff & McCormick, P.S. Reply to the Trustee's Response to the Debtors' Motion to Impose Stay of Order Pending Appeal as follows:

**1) THE POTENTIAL FOR HARM TO THE DEBTOR IS WELL DOCUMENTED**

The Trustee claims the Debtor has failed to provide a declaration that she uses the heidi@heidipowell.com email address as an account login, yet this was expressly stated in her declarations at docket number 33-1 (paragraph 5), "I have used the heidipowell.com domain name since 2005 for email, as an account login . . .", and docket number 58 (page 3 lines 18-20), "[m]y email address is tied to account logins as a personal identifier." The trustee wonders why

REPLY IN SUPPORT OF DEBTORS' MOTION TO IMPOSE
STAY OF ORDER PENDING APPEAL - 1

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 88    Filed 08/20/17    Ent. 08/20/17 21:48:10    Pg. 1 of 5

the debtor hasn't listed all the accounts she has used this email address for, or given a number, but as stated in the Declaration of Heidi Powell in Support of Reply in Support of Debtors' Motion to Impose Stay of Order Pending Appeal, ("Reply Declaration") she has not been able to identify all such accounts even after searching diligently. She believes such accounts include those with retail stores, which email receipts without asking. This Reply Declaration further explains why the Debtor cannot fully identify the accounts that have/use this email address, and the nature of the potential harm is such that it is these unknown accounts that the Debtor cannot obviously update.

Moreover, the Declaration of Heidi Powell at docket number 58 documents extensively the kinds of harm the Debtor expects should she lose access to her heidi@heidipowell.com email address, including but not limited to losing touch with relatives, such as her 98 year-old uncle in Virginia who recently wrote to inform the Debtor of her aunt's death, (docket number 58 page 5 line 25), and communications of urgent information from sources which have to date ignored her request that they contact her at a new email address (page 6 lines 11-15). The Debtor made the point loud and clear that in spite of her attempts to re-route some email traffic to other addresses, the senders often ignore these requests. Such future communications would be lost, or, worse yet, possibly abused.

## 2) THE COURT HAS REPEATEDLY ACKNOWLEDGED THAT THERE IS NO CLEAR PRECEDENT ON THE ISSUE OF WHETHER THE DOMAIN NAME ALONE IS PROPERTY

The Trustee has already pronounced victory on an issue that the Court said it was not deciding – whether the domain name in itself, was property of the bankruptcy estate. The issue was briefed extensively by both sides, and there is more than enough legal basis for the

REPLY IN SUPPORT OF DEBTORS' MOTION TO IMPOSE
STAY OF ORDER PENDING APPEAL - 2

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 88    Filed 08/20/17    Ent. 08/20/17 21:48:10    Pg. 2 of 5

Appellate Court to decide that the domain name is not property for the purposes of this case. The Trustee previously represented to the Court that the issue of whether the domain name was property was uncertain enough to justify compromising in a settlement with the Debtors (in the since-abandoned settlement agreement with the Debtors.) And as argued previously, the domain name plainly *is* separable from the GoDaddy contract. This there is a reasonable likelihood of a favorable ruling from the Appellate Court.

The Debtor has *not* conceded that the domain name is inextricably intertwined with the GoDaddy contract – this was contained in her Declaration, not in a Response. The context of this declaration is also important, the Debtor was not conceding that the Trustee should see the domain name and contract, but was arguing that, given the Court's finding that the contract and domain name were inextricably intertwined, the terms of the service agreement with GoDaddy should prevent sale by the Trustee.

### 3) SUPERSEDEAS BOND IS INAPPROPRIATE IN THIS CASE

The Trustee has asked the court to require the Debtors to post a $20,000.00 bond for the stay pending appeal, but this is inappropriate and unnecessary in this case. The Debtors have already proposed an Order to ensure the purchaser, Arizona Heidi Powell, remains interested in the purchase of the domain name, by requiring a hard forward of the web address to Arizona Heidi Powell's website while the appeal is pending. The Trustee didn't acknowledge this assurance in his Response.

As explained in the Reply Declaration, the Debtors have attempted to obtain a bond, but it seems all but impossible given their credit and assets. This is the reason the Debtors chose to offer the forward of the web address in the interim.

### 4) IT IS IN THE PUBLIC INTEREST TO PROTECT PRIVACY

REPLY IN SUPPORT OF DEBTORS' MOTION TO IMPOSE
STAY OF ORDER PENDING APPEAL - 3

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 88    Filed 08/20/17    Ent. 08/20/17 21:48:10    Pg. 3 of 5

The Trustee has stated that the Declarations of third parties are irrelevant to prove potential damage to the Debtor, but that is not why those Declarations were referenced. The point is that the privacy of more persons than just the Debtor are at risk. The Washington State and United States Constitutions protect the privacy of all persons, and it is in the public's interest to protect people's private communications.

The 9th Circuit court of Appeals, in last week's *Spokeo* decision, analyzed the privacy protections that Congress intended in the FCRA:

> As other courts have observed, the interests that FCRA protects also resemble other reputational and privacy interests that have long been protected in the law. See, e.g., In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 638–40 (3d Cir. 2017) (comparing FCRA's privacy protections to common law protections for "a person's right to prevent the dissemination of private information"); Gambles v. Sterling Infosystems, Inc., No. 15 Civ. 9746, — F. Supp. 3d — , 2017 WL 589130, at *8 (S.D.N.Y. Feb. 13, 2017) (discussing the "significant history . . . of lawsuits based on (1) the unauthorized disclosure of a person's private information, and (2) the disclosure of adverse information claimed to have been misleading or false"). *Robins v. Spokeo*, 11-56843, 9th Circuit Court of Appeals, Filed August 15, 2017.

This is only the most recent example of 9th Circuit caselaw making clear that Congress and the common law both acknowledge a public interest in privacy protections, specifically in preventing the disclosure and dissemination of consumer's private information.

## CONCLUSION

This is a complex case with issues ripe for an appeal. Both the Trustee and Court have acknowledged previously on the record that it is not clear whether domain names, specifically this Debtor's domain name, which is her own legal name, are property for the purposes of bankruptcy. The Debtors respectfully ask that the Court grant the Debtors' Motion to Impose Stay of Order Pending Appeal, and enter their proposed Order accordingly.

REPLY IN SUPPORT OF DEBTORS' MOTION TO IMPOSE
STAY OF ORDER PENDING APPEAL - 4

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 88    Filed 08/20/17    Ent. 08/20/17 21:48:10    Pg. 4 of 5

DATED this Sunday, August 20, 2017.

                                       Henry, DeGraaff & McCormick, P.S.

                                        By: /s/Jacob D. DeGraaff
                                        Jacob D. DeGraaff
                                        Attorney for Debtors, WSBA 36713

REPLY IN SUPPORT OF DEBTORS' MOTION TO IMPOSE STAY OF ORDER PENDING APPEAL - 5

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 12-11140-MLB    Doc 88    Filed 08/20/17    Ent. 08/20/17 21:48:10    Pg. 5 of 5